IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.  Case Nos.:  4:14cr29/MW/CAS
  4:16cv666/MW/CAS

EDGAR CARL DARLING, III,
 Defendant.

---

### REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 73). The Government filed a response to the motion, despite not having been ordered to do so.[1] (ECF No. 74). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. See N.D. Fla. Loc. R. 72.2; see also 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Had the Government not filed a response, the undersigned would have recommended summary dismissal for the reasons stated in this recommendation.
Case Nos. 4:14cr29/MW/CAS; 4:16cv666/MW/CAS

is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.  See Rules Governing Section 2255 Cases 8(a) and (b).

## BACKGROUND

Defendant Edgar Carl Darling pleaded guilty to a single charge of being a felon in possession of a firearm and was sentenced, as an Armed Career Criminal, to a term of 200 months imprisonment.  (ECF Nos. 34, 37-40, 45, 48-50, 60, 63).  He appealed, challenging the denial of his motion to suppress as well as his enhanced sentence under the Armed Career Criminal Act ("ACCA").  Relevant to the instant motion, he challenged one of his numerous prior convictions for sale of cocaine, alleging that section 893.13, Florida Statutes, did not require the element of mens rea regarding the illicit nature of the controlled substance.  (ECF No. 69 at 6).  The Eleventh Circuit found that the application of the ACCA enhancement was proper "because Darling's six prior Florida convictions for sale of cocaine qualify as 'serious drug offenses' under the ACCA." (ECF No. 69 at 9).  The court also specifically noted that the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) had

no bearing upon Darling's sentence because he had more than three predicate convictions for "serious drug offenses" as defined in the ACCA. (ECF No. 69 at 9 n.5). Defendant timely filed the instant motion to vacate on October 12, 2016, raising two claims related to the application of the ACCA enhancement.

## ANALYSIS

### Generally Applicable Law

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. Massaro v. United States, 538 U.S. 500, 503 (2003); see also United States v. Franklin, 694 F.3d, 1, 8 (11th Cir. 2012). In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. Strickland v. Washington, 466 U.S. 668, 686 (1984); Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013). Strickland's two part test also applies to

guilty pleas.   Lafler v. Cooper, 132 S.Ct. 1376, 1384 (2012) (citing Hill v. Lockhart, 474 U.S. 52, 58 (1985)).   A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial.   Id at 1384–85 (quoting Hill, 474 U.S. at 59).   In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.   Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013); Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir.2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances."   Strickland, 466 U.S. at 688; *see also* Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007).   Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance."   Hammond v. Hall, 586 F.3d 1289, 1324 (11th Cir. 2009)

Case Nos. 4:14cr29/MW/CAS; 4:16cv666/MW/CAS

(quoting Strickland, 466 U.S. at 689); *see also* Chandler v. United States, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation").   Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.   Strickland, 466 U.S. at 689.   To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."   Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315.   When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."   Chandler, 218 F.3d at 1316 n.18.

   With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.   Strickland, 466 U.S. at 694.   "The likelihood of a different result must be substantial, not just conceivable."

Case Nos. 4:14cr29/MW/CAS; 4:16cv666/MW/CAS

Harrington v. Richter, 562 U.S. 86, 112 (2011) (quoting Strickland). For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993); Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. Glover v. United States, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." Id. at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. Smith v.

White, 815 F.2d 1401, 1406–07 (11th Cir. 1987).   Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test.   *See* Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1333–34 (11th Cir. 2012); Garcia v. United States, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing* Yeck v. Goodwin, 985 F.2d 538, 542 (11th Cir. 1993)); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (*citing* Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between."   Chandler, 218 F.3d at 1313.   This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted.   Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000).   "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent

Case Nos. 4:14cr29/MW/CAS; 4:16cv666/MW/CAS

attorney would have chosen it.'" Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." United States v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992). Regardless of how the standard is framed, under the prevailing case law it is clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance. A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." See 28 U.S.C. § 2255(b); Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015); Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. Gordon, 518 F.3d at 1301 (citing Vick v. United States, 730 F.2d

Case Nos. 4:14cr29/MW/CAS; 4:16cv666/MW/CAS

707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true would prove he is entitled to relief. See Hernandez v. United States, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. See Winthrop–Redin v. United States, 767 F .3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are ... based upon unsupported generalizations") (internal quotation marks omitted); Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004). Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. Lynn, 365 F.3d at 1239. Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

### Defendant's claims for relief

In his motion, Defendant asserts that his sentence violated due process because his prior conviction under § 893.13, Florida Statutes "did not rule out the possibility that Movant was convicted of purchasing a controlled substance; which does not qualify under the ACCA." (ECF No.

73 at 4). He also claims that counsel was constitutionally ineffective because he failed to challenge Defendant's prior drug convictions at sentencing by arguing that they were neither controlled substance offenses nor serious drug offenses. Defendant suggests that counsel should have argued that his convictions rested on the least of the acts criminalized by the statute in question--to wit, purchase—which, he asserts, is not a controlled substance offense. (ECF No. 73 at 5).

Eleventh Circuit precedent, including the appellate decision in the instant case, is clear that Florida convictions for sale of cocaine are serious drug offenses. *See, e.g.,* United States v. Darling, 619 F. App'x 877 (11th Cir. 2015); United States v. Telusme, Case No. 15-13360, 2016 WL 3644627 (11th Cir. 2016); United States v. James, 631 F. App'x 803 (11th Cir. 2015); United States v. Smith, 775 F.3d 1262 (11th Cir. 2014). In light of the appellate court's express finding in this case, that Darling's six prior drug convictions for the sale of cocaine qualified as serious drug offenses under the ACCA, he is barred from relitigating this issue. *See* Stoufflet v. United States, 757 F.3d 1236, 1239-1240 (11th Cir. 2014).

Even absent a procedural bar, Defendant's claims are without merit. Despite Defendant's argument that some "mere possession" cases could be charged under the statute pursuant to which he was convicted of the drug offenses in state court, the facts as set forth in his Presentence Investigation Report reflect more than mere possession.   (ECF No. 45). As to six of Defendant's prior drug convictions, both the statement of the charge and the factual description of the offense conduct reveal that Defendant was charged and convicted of the actual sale of small amounts of crack cocaine to uncover law enforcement officers or informants.   (ECF No. 45, PSR ¶¶ 35, 36, 38, 40, 41, and 47).   The law is well-established that counsel is not ineffective for failing to preserve or argue a meritless claim.   Denson v. United States, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing Freeman v. Attorney General, Florida, 536 F.3d 1225, 1233 (11th Cir. 2008)).   This is true regardless of whether the issue is a trial or sentencing issue.   *See, e.g.*, Sneed v. Florida Dep't of Corrections, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless Batson claim not ineffective assistance of counsel);   Lattimore v. United States, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a

meritless objection to an obstruction enhancement); Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit).   Counsel was not constitutionally ineffective for failing to make what would have been a meritless claim in this case, and Defendant is not entitled to relief.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Case Nos. 4:14cr29/MW/CAS; 4:16cv666/MW/CAS

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (ECF No. 73) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 17th day of November 2016.


s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations**

Case Nos. 4:14cr29/MW/CAS; 4:16cv666/MW/CAS

**as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos. 4:14cr29/MW/CAS; 4:16cv666/MW/CAS